UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>APPROXIMATELY $7,800.00 IN U.S. CURRENCY,<br><br>    Defendant. | Case No. 1:19-cv-00427-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EX PARTE APPLICATION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE BE GRANTED<br><br>OBJECTIONS DUE WITHIN 30 DAYS<br><br>(ECF No. 18) |

    Plaintiff, the United States of America ("Plaintiff") filed this *in rem* civil forfeiture action against approximately $7,800.00 in U.S. currency pursuant to 21 U.S.C. § 881(a)(6), on grounds that the currency is a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*. (ECF No. 1.)

    On September 12, 2019, Plaintiff filed a motion for default judgment against two individuals with potential property interests in the currency—Siep San and Thomas Godwin—and

1

for a final judgment of forfeiture vesting in the United States all right, title, and interest in the defendant currency. (ECF No. 18.) There has been no response to the motion or the underlying complaint. For the following reasons, the Court recommends that the motion be granted.

## I. BACKGROUND

### A. Factual Allegations

The following factual recitation comes from Plaintiff's uncontested Verified Complaint for Forfeiture *in Rem* (ECF No. 1):

On October 23, 2018, United States Postal Inspectors ("Inspectors") conducting routine parcel profiling activities at the Fresno Processing and Distribution Center in Fresno, California, located a United States Postal Service ("USPS") Priority Mail Express parcel, number EE155504805US, addressed to Siep San, 4598 E. Weldon Ave., Fresno, California 93703, with a return address of Thomas Godwin, 400 Bonner Lake Rd., Apt. C4, Gaffney, South Carolina 29340 (hereafter "the subject parcel").

The subject parcel's Priority Mail Express label was handwritten and the contact phone numbers for the sender, Thomas Godwin ("Godwin"), and receiver, Siep San ("San"), were blank. Inspectors searched government databases and were unable to find a "Thomas Godwin" associated with 400 Bonner Lake Rd., Apt. C4, Gaffney, South Carolina. Inspectors knew from training and experience that narcotics traffickers often use Express, Priority, and First Class Mail service provided by the USPS to transport controlled substances and currency derived from the sale and distribution of controlled substances because Express, Priority and First Class Mail service provided by the USPS is protected against warrantless inspections. Inspectors also knew from training and experience that narcotics traffickers use priority Mail Express because they can track the parcels, dispatch times and locations, and have a guaranteed delivery in one to three business days. Additionally, inspectors knew from training and experience that narcotics traffickers use Priority Mail Express because they can track the parcels, dispatch times and locations, and have a guaranteed delivery in one to three business days. Additionally, Inspectors knew from training and experience that narcotics traffickers often hand write the labels attached to the mail parcel instead of utilizing a pre-printed label, as is customary with most legitimate

businesses.

Inspectors presented the subject parcel to a certified Fresno County Sheriff's Office Canine Handler and her narcotic detecting canine, Kash.

Kash is trained to detect the odor of a number of narcotics, including marijuana, cocaine, methamphetamine, opium, and heroin. Kash has completed extensive training: Kash initially received detection training from Vigilant Canine Services International in Red Bluff, California. After completing that initial training, Kash and his handler completed over 250 hours of ongoing training, including monthly maintenance training. Kash and his handler are also certified annually by a California P.O.S.T. evaluator.

In this case, Kash was employed to determine whether the subject parcel demonstrated the presence of the odor of a controlled substance that he is certified to detect. Inspectors knew from training and experience that individuals who handle controlled substances often leave the odor of controlled substances on the box and other packaging materials they handle and that packaging materials are often stored in close proximity to the controlled substances. Narcotic canines are trained to alert on these odors.

Kash positively alerted to the subject parcel, indicating the odor of a controlled substance. Inspectors traveled to 4598 E. Weldon Ave., Fresno, CA 93703 ("4598 E. Weldon Ave"), to speak with San. No one was present at 4598 E. Weldon Ave. when the inspectors arrived, so the inspectors left a delivery notice with a phone number at which San could contact the inspectors.

Inspectors subsequently received a telephone call from San, who agreed to meet with the inspectors at 4598 E. Weldon Ave.

Inspectors returned to 4598 E. Weldon Ave. and learned that San was not present at the residence. Inspectors called San at the telephone number from which he previously called the inspectors. San stated that he would be at the residence within the next few minutes.

Upon San's arrival to 4598 E. Weldon Ave., the inspectors verified that they were speaking with San and asked San what was in the subject parcel. San replied, "just envelopes."

Inspectors asked San for his consent to open the parcel, which he subsequently gave. The parcel was empty except for two United States Postal Service ("USPS") mailers, each of which

contained United States currency in various denominations, consisting primarily of $20.00 bills. The subject parcel did not contain any notes, receipts, or instructions. Inspectors knew from training and experience that individuals who traffic in controlled substances rarely include any type of instructions with the proceeds and that narcotics traffickers typically use low denomination currency, primarily in twenty-dollar denominations, to conduct their business.

San subsequently stated that the subject parcel contained $8,000.00. San admitted that he had a checking account but stated that his friends mailed the cash to San to pay San back. San stated that he sent his friend cash through the mail several years ago but could not recall how much he had sent. San then claimed that he would have to check his checkbook. San subsequently stated he sent cash and would have to check his tally book.

Inspectors asked San if they could call his friend to verify his statements. San stated that he did not have his phone with him. The subject currency totaled $7,800.00, composed of eight $100.00 bills, six $50.00 bills, three hundred and twelve $20.00 bills, thirty-eight $10.00 bills, and sixteen $5.00 bills. California Employment Development Department records revealed that between February 20, 2017, and February 20, 2019, San only had reportable employment during the fourth quarter of 2018. A USPS database search revealed that two previous USPS parcels had been shipped from Gaffney, South Carolina to 4598 E. Weldon Ave.: one by USPS Priority Mail Express in May 29, 2018, the second by USPS Priority Mail on August 30, 2018.

**B. Procedural History**

On April 3, 2019, Plaintiff filed this *in rem* civil forfeiture action against the subject currency pursuant to 21 U.S.C. § 881(a)(6) as "moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*" (ECF No. 1, p. 1.)

On April 12, 2019, the Clerk issued an arrest warrant *in rem*. (ECF No. 5.) The warrant was executed on May 10, 2019. (ECF No. 8).

On April 16, 2019, Plaintiff mailed notice of this civil forfeiture action to Thomas Godwin at 400 Bonner Lake Rd., Apt. C4, Gaffney SC, 29340-2331 by first class and certified mail. (ECF

No. 15-1, p. 2.) The notice contained copies of the complaint, the order regarding the clerk's issuance of arrest warrant *in rem*, the arrest warrant *in rem*, an affidavit of inspector Christopher Morgan that tracks the factual allegations in the complaint, an order setting a mandatory scheduling conference, a standing order, and court notices. (*Id.*) The certified package was returned to the U.S. Attorney's Office unclaimed after three notices on April 20, 25, and May 5, 2019. (*Id.*)

On June 17, 2019, the U.S. Marshals Service made efforts to personally serve the above-listed documents on Mr. Godwin at the same address. (*Id.*) The U.S. Deputy Marshal spoke with the apartment complex management and confirmed that Thomas Godwin does not live at the complex. (*Id.*) On June 18, 2019, the U.S. Marshals Service made efforts to locate a current address for Thomas Godwin, but to no avail. (*Id.*)

As for Siep San, On April 16, 2019, Plaintiff mailed notice of this civil forfeiture action to Siep San at 4598 E. Weldon Ave., Fresno, California, 93703-3474 by first class and certified mail. (ECF No. 11-1, p. 2.) The certified package was returned unclaimed. (*Id.*) On May 30, 2019, the U.S. Marshals Service personally served the above-listed documents on Lein San, the sister of Siep San, who resides at 4598 E. Weldon Ave., Fresno, California, 93703-3474. (*Id.*)

To date, neither Godwin nor San has filed an answer or claim in response to the *in rem* civil forfeiture action.

Beginning on April 10, 2019, Plaintiff posted notice of the forfeiture on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days. (ECF No. 6.)

Having received no answer or response to the *in rem* civil forfeiture action, Plaintiff filed a request for entry of default as to Siep San and Thomas Godwin. (ECF No. 11.) The Clerk of Court issued an entry of default as to Sien Sap on July 12, 2019, and as to Thomas Godwin on September 9, 2019. (ECF Nos. 14 & 16.)

Plaintiff next filed a motion for a default judgment and final judgment of forfeiture on September 12, 2019. (ECF No. 18.) No opposition or response to the motion was filed. The Court held a hearing on the motion on November 1, 2019.

///

5

## II. LEGAL STANDARDS

### A. Civil Forfeiture

Plaintiff brings this action under 21 U.S.C. § 881(a)(6) which provides for the forfeiture of "[a]ll moneys…intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter…" Section 981(b)(2)(A), in turn, permits a seizure without a warrant if "a complaint for forfeiture has been filed in the United States district court and the court has issued an arrest warrant *in rem* pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims." "Forfeiture is a harsh and oppressive procedure which is not favored by the courts." *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994) (quotation omitted). The Ninth Circuit has stated that it is "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all the procedural protections afforded criminal defendants." *Id.* at 1068. "[F]orfeitures should be enforced only when within both letter and spirit of the law," *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (quotation omitted), and "forfeiture statutes are strictly construed against the government." *$191,910.00 in U.S. Currency*, 16 F.3d at 1068 (citation omitted). Accordingly, "strict adherence to procedural rules is paramount in civil forfeiture proceedings." *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 2010 WL 2695637 at *1 (D. Nev. July 2, 2010) (citations omitted).

Procedurally, an *in rem* civil forfeiture must comply with the Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (sometimes referred to herein as "Supplemental Rule(s)"). On September 1, 2006, Supplemental Rule G was adopted to govern civil forfeiture actions *in rem*. *See U.S. v. $50,040 in U.S. Currency*, 2007 WL 1176631 at *2 (N.D. Cal. Apr. 20, 2007).

Pursuant to the Supplemental Rules, the United States initiates forfeiture proceedings by filing a complaint. Supp. R. C(2); Supp. R. G(2). Under these Supplemental Rules, the complaint must be verified and describe the property at issue with reasonable particularity. Supplemental Rule G(2) also requires that the complaint include sufficient factual allegations to support a "reasonable belief" the United States will be able to meet its burden at trial. Supp. G(2)(f).

Then, if the property is located in the United States, the Plaintiff must publish notice of the forfeiture action in either a newspaper of general circulation in the district (Supp. R. C(4); Supp. R. G(4)(a)(iv)(A)) or by posting a notice on the government forfeiture website for thirty consecutive days. Supp. R. G(4)(a)(iv)(C). This notice must include the time for filing a claim. Supp. R. G(4)(b)(ii)(B).

"In addition to published notice, the United States must also provide direct notice of the forfeiture action to potential claimants under Supplemental Rule G. The notice must be sent by a means that may be reasonably calculated to reach the defendant." *Approximately $72,000 in U.S. Currency*, 2009 WL 506866 at *6 (citing Supp. R. G(4)(b)(iii)(A)). More specifically, Supplemental Rule G(4)(b) provides that the notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and the answer." Supp. R. G(4)(b)(ii).

However, although the notice must be sent by a means that is reasonably calculated to reach the defendant, there is no requirement under the Federal Rules of Civil Procedure or the United States Constitution that a potential claimant *actually* receive notice of the forfeiture action. *See U.S. v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that a potential claimant in a civil forfeiture proceeding is not entitled to actual notice of forfeiture proceeding).

Finally, in addition to satisfying the supplemental rules discussed, to obtain a default judgment in a civil forfeiture proceeding, the plaintiff must comply with Eastern District of California Local Rule 540, which provides as follows:

(a) Notice Required. A party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given:

(1) By publication, see L.R. 530;

(2) By personal service on the person having custody of the property;

(3) If the property is in the hands of a law enforcement officer, by personal service on

7

the person having custody prior to its possession by law enforcement agency or officer; and

(4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

**B. Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default as follows:

> (2) By the Court. In all other cases, the party must apply to the court for default judgment. A default judgment may be entered against an infant or incompetent person only if represented by a legal guardian, committee, conservator, or other like fiduciary who has appeared. If the party against whom default judgment is sought has appeared personally or by a representative, that person or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate a judgment, it needs to: (A) conduct an account; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

**III. ANALYSIS**

**A. Plaintiff has Satisfied the Procedural Requirements for an *In Rem* Civil Forfeiture**

*1. Sufficiency of the Complaint*

Pursuant to the Supplemental Rules, Plaintiff must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that Plaintiff will be able to meet its burden at trial. Supp. R. G(2). Plaintiff's Complaint in this matter complies with those requirements: it states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the items seized and the circumstances

surrounding the seizure, and identifies the relevant statutes. Further, the uncontroverted facts provide a sufficient nexus between the subject currency and violations related to controlled substances or listed chemicals to support forfeiture.

### 2. Notice By Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Supplemental Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish a notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."

Here, publication occurred on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days beginning on April 10, 2019. (ECF No. 6.) A copy of the notice was attached to the declaration of publication, and it describes the property with reasonable particularity. (*Id.* at p. 3.) The notice clearly sets forth the time limits for filing a claim and an answer or motion. (*Id.*) The notice also provides the contact information for an attorney to be served with any claim, answer, or motion. (*Id.*) Thus, the Supplemental Rule's notice content requirements have been satisfied. And because the notice was published for thirty consecutive days beginning April 10, 2019, on the forfeiture website, the frequency component of the notice requirement is also satisfied.

### 3. Personal Notice

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated." *Real Property*, 135 F.3d at 1315. In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 16, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b). "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005); *see also Real Property*, 135 F.3d at 1315 ("In view of the Government's efforts to notify [claimant], we reject [claimant's]

claim that due process requires that he received actual notice of the forfeiture proceedings.").

Supplemental Rule G(4)(b)(iii)(A) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture.

Here, Plaintiff contends that it undertook reasonable measures to ensure that those with a potential interest in the subject currency—San and Godwin—received actual notice of this forfeiture proceeding. As for San, Plaintiff mailed notice of forfeiture to the 4598 E. Weldon Ave. address, which was San's address according to the parcel containing the subject currency. The notice was sent by first class and certified mail. The certified package was returned unclaimed. Then, on May 30, 2019, the U.S. Marshal personally served Lein San, the sister of Siep San, with the notice of forfeiture at the 4598 E. Weldon Ave. address. Accordingly, the Court finds that Plaintiff attempted to provide San with actual notice by means reasonably calculated under all the circumstances to apprise him of the pendency of this action, thus satisfying the Due Process Clause, the Supplemental Rules, and Local Rule 540.

The same is true of Thomas Godwin: Plaintiff attempted to serve Godwin via first class and certified mail at 400 Bonner Lake Rd, Apt C4, Gaffney, SC, 29340-2331—the address associated with Godwin according to the parcel containing the subject currency. Plaintiff also attempted to personally serve Godwin at that same address. Finally, the U.S. Marshals Service made efforts to locate a current address for Godwin but found no matching records. The Court finds that Plaintiff attempted to provide actual notice to Godwin through means "reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action." *U.S. v. Approximately 335 Counterfeit NFL Jerseys*, No. 1:13-cv-341-AWI-GSA, 2014 WL 2575446 at *6 (E.D. Cal. June 9, 2014) (citing *Dusenbery*, 534 U.S. at 168).

Accordingly, Plaintiff has satisfied the requirement of providing for notice to be sent by means reasonably calculated to reach the potential claimant.

### 4. *The Time to File a Claim or Answer*

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a

10

forfeiture action must file a claim with the Court within 35 days after service of the Government's notice or 60 days after the first day of publication on an official internet government forfeiture site. *See* Supp. R. G(4)(b)(ii)(B) & G(5)(a)(ii)(B). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317.

Here, more than 60 days have passed since the first date of publication, and more than 35 days have passed since the date that the known potential claimants were provided with notice of the Plaintiff's complaint for default judgment and civil forfeiture. No claim has been filed, and default has been properly entered against all known potential claimants. (ECF Nos. 14 & 16.)

### *5. Conclusion*

Plaintiff has met the procedural requirements applicable to civil forfeiture *in rem* actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in Plaintiff all right, title, and interest in the defendant property.

### B. The *Eitel* Factors Support Default Judgment

Having determined that Plaintiff complied with the procedural prerequisites for a civil forfeiture *in rem*, the Court now turns to whether a default judgment is appropriate. Plaintiff seeks judgment against the interests of Siep San and Thomas Godwin and also requests that the Court enter a Final Judgment of Forfeiture pursuant to 18 U.S.C. § 2323, forfeiting all right, title, and interest in the defendant currency to Plaintiff to be disposed of according to law. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. However, Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent they are inconsistent with these Supplemental Rules."

When considering whether to enter default judgment under Fed. R. Civ. P. 55, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decisions on the merits. *Eitel v.*

*McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The *Eitel* factors favor a default judgment here. First, Plaintiff would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which no claim has been made. Second, Plaintiff's claims appear to have merit. Third, as discussed above, Plaintiff has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of Plaintiff's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that the failure of any claimant is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, as here, where no claims have been filed. Accordingly, there is no impediment to the default judgment sought by Plaintiff and the Court will recommend that the motion be granted.

## IV. CONCLUSION

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against the interests of Siep San and Thomas Godwin be granted and a default judgment against Siep San and Thomas Godwin be entered. (ECF No. 18);
2. Plaintiff's motion for an entry of final judgment of forfeiture pursuant to 21 U.S.C. § 881(a)(6) be granted;
3. The Court enter a Final Judgment of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), forfeiting all right, title, and interest in the Defendant Currency to the United States; and
4. The Clerk of Court be instructed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Written objections to these findings and recommendations may be filed within thirty days of issuance. Any such objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **February 14, 2020**     /s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE